NO. 03-14-00313-CR

TRIAL NO. DAS-13-01849

FILED
April 17, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

KIRT ALLEN ESTHAY
    APPellanT

VS.

THE STATE OF TEXAS
    APPellee

COURT OF APPEALs, THIRD

SUPREME JUDICIAL DISTRICT

AUSTIN TEXAS

## MOTION FOR RECONSIDERATION

## TO THE HONORABLE JUSTICES OF SAID COURT

COME NOW KIRT ALLEN ESTHAY, Pro SE who makes MOTION with this Court For RECONSIDERATION OF The order dated 3/31/15, as Follows: Rules OF APPellant Procedure, Rule 64.1

THE STATE'S witnesses testimony's however let the Court Reporter's Records speak the truth of the inconsistency and credibility of the states witnesses. There was no Investigation, in Fact OFFicer Maritz, being cought oFF gard admit's she hadn't even talked with mr Cervantes or his brother-in-law, GuaDLuPe Luna, 3RR 125; 15-17:

Mr Luna only Knows what he was told.
3RR 83; 16-19:

RECEIVED
APR 1 7 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

The states witnesses, Mr Cervantes and his brother-in-law Mr Luna Voluntarily testified about their Past criminal conviction's, Michael Cervantes four year sentence for D.W.I, and how he turned his life around, as to leaving False impression with the Jury. 3RR 39; 3-18:

Mr Luna, Voluntarily testified about his Past criminal conviction of an eight Year sentence for his Part in braking into a Liquor store and also leaving False impression with the Jury. 3RR 67; 2-16: See, 3RR 72; 2-3 and now 3RR; 78; 3-16:

Defendants Counsel feld to investigate witnesses Prior Criminal record, neither did counsel File for a Pre trial Investigation. 224 F.3d. 468 [[13]], 469 [[14-15]] [[16-17]]. There-fore allowing the False impression to be left with Jury. Appellants counsels denial of effective cross examination was constitutional error of the First magnitude. Petitioner's Factual sufficiency arguments are based on light of the reporter's records. Defendants counsels Performance or lack of was deficient, counsel errors were so serious, that counsel was not functioning as guaranteed the defendant by the sixth and Fourteenth Amendment's, therefore depriving defendant of a Fair trial with a reliable results.

If counsel had impeached the testimony of the State's witnesses, Mr Cervantes and Mr Luna for the reason's stated above, as well as Officer Maritz, for her conflicting and contradicting testimony, 3RR 115; 12-24: see The Clerk record, Page 8: And here Office Maritz admitting the truth, 3RR 125; 15-17: 151 S.W 3d 188-193: 169 S.W. 3d 223-241: 650 S.W. 2d 436-440: 187 S.W. 3d 678-685

The Jury's estimate of the truthfulness and reliability of a giving witness may well be determinative of the witness testifying Falsely that a defendants life or liberty may depend. CF. Nafue V. Illinois, 360 US 264, 269, 3L Ed 2d 1217, 79 S. CT 1173 (1959):

Applicant needs not to show a reasonable Probability that but for counsels errors, he would not have been convicted of aggravated assualt with a deadly weapon, namely a knife.

Ruther the issue is wether he recieved a fair trial, that Produced a verdict worthy of confidence. CF. Kyles V. whitly, 514 US. 419, 434 (1995) a criminal defense attorney must have a firm command of the "fact" as well as governing law before he can render reasonable effective assistance of counsel.

STATE's witness, Officer Maritz's testimony, 3RR125; 24-25: also, 3RR126; 1-9: Now Mr Guadalupe Luna Jr Testimony, 3RR85; 17-22: Mr Cervantes, 3RR48; 1-4: For the State. Now, Mr Luna 3RR83; 15-19: also see Clerk record's Page (8): And now Mr Luna, 3RR85; 17-22.

Violation of the United STATES CONSTITUTION, no rational juror could have found the appellant guilty beyond a reasonable doubt. Section 4 applies To all application that challenges the conviction Ex Parte white-side, 12 S.W. 3d 819, 821 (Tex CR APP 2000):

No Rational Juror could have found the applicant guilty beyond a reasonable doubt, Under Art. 11.07, § 4(a)(2) Courts and Prosecutors have come To Pay "Too much deference to the Federal common law Policy of discouraging discovery in criminal law cases and Too little regard to due Process of law for defendant. United STATES V. Oxman, Supra, at 1310-1311. First I see no significant difference for truth seeking Purposes between the Giglio Situation and this one; for the Same reason's I believe the result must there fore be the same here as in Giglio See Supra at 691-692 31 LEd 2d 104, 92 S. CT 763 I also believe the standard for reversal should be the same

Case of, Benjamin Davidson, JR v.
The STATE OF Texas, 602 S.W. 2d 272;
[OUTCOME;]

The CouRT, reversed appellants conviction
for aggravated roBBery and held that a
description of a Knife by size and shape
was insufficient evidence to support a
description of a Knife by size and shape was
insufficient evidence to support a determination
that the Knife was a deadly weapon without
of the manner of it use and its capacity to
Produce death or serious bodily injury. Thus,
The evidence was insufficient to establish that
appellant used or intend to use the Knife so
as to inflict serious bodily harm.

respectfully,
KirT Allen Esthay
TDCJ NO. 1919078
April 13, 2015
Kirt Allen Esthay

Therefore, Premises considered, the Under signed Appellant, KIRT ALLEN ESTHAY, PRO SE Prays the Court grant this motion.

Respectfully submitted
Kirt Allen Esthay
Kirt Allen Esthay
TDCJ No. 1919078
3060 F.M. 3514
Beaumont, TX 77705

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served on Mr. George McCrea, District Attorney, and/or Mr. Bryan Clayton, Assistant District Attorney, of Tom Green County Court house, Court street Annex, 124 West Beauregard, San Angelo, Texas 76903, and on this 13 day of April, 2015.

Kirt Allen Esthay
Kirt Allen Esthay
TDCJ No. 1919078

## NOTICE

## INMATE NOTARY PUBLIC SERVICE

Under both Federal Law (28 U.S.C. § 1746) and State Law (V.T.C.A. Civil Practice & Remedies Code, & 132.001-132.003), inmate incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, clarification, oath, or affidavit sworn before a Notary Public. An example of an unsworn declaration is as follows:

### Unsworn Declaration

I, Offender _Kirt Allen Esthay_ , TDCJ Number _1919078_ am presently incarcerated at the Mark W. Stiles Unit of the Texas Department of Criminal Justice in Jefferson County, Texas declare under penalty of perjury that the above is true and correct.

Signed on the _13_ day of _APril_ , 20 _15_ .

_Kirt Allen Esthay_
Printed Name

_Kirt Esthay_
Signature

Kirt Allen Esthay
TDCJ No. 1919078
3060 F.M. 3514
Beaumont, TX 77705

NO. 03-14-00313-CR
TRIAL NO. DAS-13-01849
April 13, 2015

COURT OF APPeals
THIRD DISTRICT OF TEXAS
   HONORABle JusTice's
JEFFREY D. KYLE, ClERK
   P.O.Box 12547
AusTin, TexAS 78711-2547

   Dear, MR KYLe

      Sir, would you see that all is Filed
   Thank you for your time.

                        Respectfully
                        Kirt Allen Esthay

RECEIVED
APR 17 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Kirt Allen Esthay #1919078
3000 Fm. 3514
Beaumont, TX 77705

Legal mail

NORTH HOUSTON TX 773
14 APR 2015 PM 7 L

Court of Appeals
THIRD DISTRICT OF TEXAS
Honorable Justice's
Jeffrey D. Kyle, Clerk
P.O. Box 12547
Austin, TX 78711-2547
78711-2547